**XUE & ASSOCIATES, P.C.**
Benjamin B. Xue, Esq.
Kevin K. Yam, Esq.
1001 Avenue of the Americas, 11th Floor
New York, New York 10018
Tel: (212) 219-2275
benjaminxue@xuelaw.com
kevinyam@xuelaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――――

| | |
|---|---|
| AMOS LEE, on behalf of himself and others similarly situated, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| -against- | CLASS AND COLLECTIVE ACTION |
| KANG HO DONG BAEKJEONG INC and JAE YONG SON, | JURY TRIAL DEMANDED |
| Defendants. | |

―――――――――――――――――――――――――

Plaintiff AMOS LEE ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Xue & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to other matters, alleges against KANG HO DONG BAEKJEONG INC ("Kang Ho Dong") and JAE YONG SON (collectively, "Defendants") as follows:

**NATURE OF THE ACTION**

1.     This is an action brought by a former employee of Defendants seeking unpaid wages guaranteed to him under the New York Labor Law ("NYLL") and the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA").

2.    Plaintiff was employed by Defendants as a waiter for Kang Ho Dong, located at 152-12 Northern Boulevard, Flushing, New York 11354, beginning in or around May 2016.

3.    Plaintiff brings: (1) his FLSA claims on behalf of himself and all other similarly situated employees in non-exempt positions who work or worked for Defendants (the "FLSA Collective Members") and (2) his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all employees in non-exempt positions who work or worked for Defendants (the "Class Members").

4.    Plaintiff, the FLSA Collective Members, and the Class Members, during all relevant times, consistently worked approximately 55 hours per week to 65 hours per week, and regularly worked long shifts lasting more than 11 hours.

5.    Defendants willfully failed to compensate Plaintiff, the FLSA Collective Members, and the Class Members at the legally mandated minimum wage and overtime premium.

6.    Defendants also willfully failed to pay Plaintiff, the FLSA Collective Members, and the Class Members a spread-of-hours premium for each workday lasting longer than ten hours.

**JURISDICTION AND VENUE**

7.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 US.C. § 1367.

8.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to claims asserted within this Complaint occurred therein.  Additionally, venue is proper in the Eastern District of

New York pursuant to 28 U.S.C. § 1391(c) because Defendants' principal place of business are located therein.

9.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### *Plaintiff Amos Lee*

10.     Plaintiff is an individual over the age of eighteen residing in the State of New York.

11.     Plaintiff was employed by Defendants as a waiter from around May 2016 to March 3, 2017.

12.     Plaintiff regularly engaged in commerce in between the states in that he frequently handled goods that were produced, delivered, and/or shipped from other states, and served a clientele residing in and travelling from other states in connection with his work for Defendants.

13.     As such, Plaintiff is a covered employee under the "individual coverage" of the FLSA.

### *Defendants*

### *Kang Ho Dong*

14.     Defendant Kang Ho Dong is a domestic business corporation that was organized under the laws of the state of New York on or about January 15, 2013.  Its Principal Executive Office and its Department of State Process of Service address is located at 152-12 Northern Blvd., Flushing, NY 11354.

15. During all relevant times, Defendant Kang Ho Dong has been, and continues to be, in the business of preparing and serving Korean food via customers' patronage of its restaurant.

16. During all relevant times, Defendant Kang Ho Dong was an employer of Plaintiff, the FLSA Collective Members, and the Class Members.

17. During all relevant times, Defendant Kang Ho Dong has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA in that it (i) has employees engaged in commerce or in the production of goods for commerce, or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000.00.

### *Jae Yong Son*

18. At all relevant times, Defendant Jae Yong Son has been an owner, shareholder, and manager of Defendant Kang Ho Dong.

19. At all relevant times, Defendant Jae Yong Son was an employer of Plaintiff the FLSA Collective Members, and the Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d) and N.Y.L.L. § 651(6).

20. At all relevant times, Defendant Jae Yong Son acted directly and indirectly in the interests of Defendant Kang Ho Dong, specifically in his oversight, management, and direction thereof.

21. At all relevant times, Defendant Jae Yong Son had operational and financial control of Defendant Kang Ho Dong.

22. At all relevant times, Defendant Jae Yong Son had power over personnel decisions at Defendant Kang Ho Dong, including the power to hire and fire employees, set their

wages, and otherwise control the terms and conditions of their employment. Defendant Jae Yong Son held and exercised these powers over Plaintiff, the FLSA Collective Members, and the Class Members.

23.     At all relevant times, Defendant Jae Yong Son also had control over payroll decisions at Defendant Kang Ho Dong, including the power to maintain time and/or wage records. Defendant Jae Yong Son held and exercised this control over Plaintiff, the FLSA Collective Members, and the Class Members.

24.     At all relevant times, Defendant Jae Yong Son had the power to stop any illegal pay practices that harmed Plaintiff, the FLSA Collective Members and the Class Members.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

25.     Defendants operate Defendant Kang Ho Dong in Flushing, New York, located at 152-12 Northern Blvd, Flushing, NY 11354.

26.     The individual Defendant Jae Yong Son possesses operational control over Defendant Kang Ho Dong, possesses ownership interests in Defendant Kang Ho Dong, and controls significant functions of Defendant Kang Ho Dong.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant has possessed substantial control over Plaintiff, the FLSA Collective Members, and the Class Members' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals referred to herein.

29. Defendants have jointly employed Plaintiff, the FLSA Collective Members, and the Class Members and are their employers within the meaning of 29 U.S.C. § 201 *et seq*. and the NYLL.

### *Defendants Constitute a Single Employer*

30. In the alternative, Defendants constitute a single employer of Plaintiff, the FLSA Collective Members, and the Class Members.

31. Individual Defendant Jae Yong Son operates Defendant corporation Kang Ho Dong as an alter ego of himself and/or fails to operate Defendant corporation Kang Ho Dong as an entity legally separate and apart from himself, among other things, by:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Kang Ho Dong as a corporation;

    b) defectively forming or maintaining the corporate entity of Defendant Kang Ho Dong, by, among other things, failing to hold annual meetings or maintain appropriate corporate records;

    c) transferring assets and debts freely as between all Defendants;

    d) operating Defendant Kang Ho Dong for his own benefit as the sole or majority shareholder;

    e) operating Defendant Kang Ho Dong for his own benefit and maintaining control over it as a closed corporation;

    f) intermingling assets and debts of his own with Defendant Kang Ho Dong;

    g) diminishing and/or transferring assets of Defendant Kang Ho Dong to avoid full liability as necessary to protect his own interests; and

    h) other actions evincing a failure to adhere to the corporate form.

*Plaintiff Mr. Amos Lee*

*Defendants' Failure to Pay Minimum Wage and Overtime, and Engagement in a Kickback*

*Scheme by Illegally Deducting Plaintiff's Wages*

32.     The FLSA and NYLL require that Defendants pay every non-exempt employee a minimum wage for all hours worked.  29 U.S.C. 206; N.Y. Lab. Law 652.

33.     The FLSA and NYLL require that Defendants pay every non-exempt employee an overtime rate of one-and-a-half times the regular rate of pay for each hour worked in excess of 40 each week. 29 U.S.C. § 207; 12 N.Y.C.R.R. § 137-1.3.

34.     During all relevant times, Defendant Kang Ho Dong's operating hours were: Mondays through Sundays , from 11:30 a.m. to 5 a.m.

35.     Breaks were officially listed from 3:00 p.m. to 4:30 p.m. at Kang Ho Dong, but were not formally recorded and/or used by the employees.  Plaintiff was not given uninterrupted breaks during the work day.   Specifically, Plaintiff was obligated to eat his meals while continuing to perform work.

36.     Defendants did not maintain time and pay records at Defendant Kang Ho Dong that purport to show that Plaintiff was clocked in and out during the work day.

37.     Defendants did not maintain the hours worked and pay received by Plaintiff. Defendants did not produce pay stubs that purport to show that Defendants were paid lawful wages with accurate hours reflected on such paystubs.

38.     Plaintiff was employed by Defendants as a waiter from May 2016 to March 3, 2017.

39.     Waiters fall under the category of "tipped employees" pursuant to the FLSA.

40.     During his employment at Defendant Kang Ho Dong, Plaintiff worked mostly five to six days a week.

41.     The days that Plaintiff worked varied week to week, but he usually worked one of the following four shifts: (1) 3 p.m. to 2 a.m.; (2) 6 p.m. to 5 a.m.; (3) 12 p.m. to 12 a.m.; and (4) 10 a.m. to 10 p.m.

42.     During this time period, Plaintiff worked approximately 55 to 65 hours per week.

43.     Defendants applied an invalid "tip credit" to pay Plaintiff at a reduced minimum wage rate for his first forty hours of work per week.

44.     Defendants failed to provide sufficient notice to Plaintiff regarding the tip credit provisions of the FLSA and the NYLL, or their intent to apply a tip credit to his wages.

45.     As a result, Defendants were not entitled to reduce Plaintiff's minimum wage rate by applying the tip credit allowance that is available under the FLSA and NYLL.

46.     Most significantly, throughout his employment, Plaintiff was paid for forty hours of work by checks that indicate random payment.   However, Plaintiff was then ordered by Defendants to pay back a certain sum in cash to Defendants based on the number that was marked on the outside of the envelopes that were distributed to the employees (including Plaintiff) along with the checks. *See* Defendants' Checks and Marked Envelopes Addressed to Plaintiff attached as **Exhibit A**.   This was a system that was set into place purposefully by Defendant to make it appear as if they were obliging by the wage and hour laws under the FLSA and the NYLL.

47.     For example, on February 19, 2017, Defendants wrote a check in the amount of $407.68 to Plaintiff. *See* Exhibit A.   This check was placed in an envelope, indicating Plaintiff's name, and a number "287" was marked on the envelope.   The envelope, with the check enclosed

within, was distributed to Plaintiff on or around February 19, 2017. However, upon receipt of this check payment of $407.68, Plaintiff was then required to pay back to Defendants $287.00 in cash. Therefore, Plaintiff's base wages for this period were only about $120.68. This kickback scheme occurred during each and every pay day. On average, throughout Plaintiff's entire duration of employment with Defendants, Plaintiff made about $125.00 per week in base wages after the mandatory cash deduction and kickback to Defendants.

48. With respect to Plaintiff, Defendants are liable for the full minimum wage, and not entitled to take advantage of the tip credits under the FLSA and/or NYLL because 1) Defendants failed to pay Plaintiff at least the minimum wage for work performed at Defendant Kang Ho Dong, 2) Defendants did not adequately inform Plaintiff of the tip credit provision, and 3) Defendants failed keep a record of Plaintiff's cash tips.

49. Defendants failed to compensate Plaintiff at one and one-half times the statutory minimum wage rate for all hours worked in excess of forty per workweek. As such, Defendants are liable for the full overtime wage.

### *Defendants' Failure to Pay Spread of Hours Pay*

50. NYLL requires Defendants to compensate their employees for an additional hour of pay for days in which Plaintiff worked a spread-of-hours in excess of ten. N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6(a).

51. Despite the fact that Plaintiff regularly worked a spread in excess of ten hours per day, Defendants did not pay Plaintiff any additional compensation as required by New York State regulations.

### *Defendants' Failure to Post the Notices Required by Law*

52.     The FLSA and NYLL require an employer to post and maintain in the workplace a display, containing notices of employee's rights to receive the minimum wage and overtime rate of one-and-a-half times their regular rate.  29 C.F.R. § 516.4; 12 N.Y.C.R.R. § 137-2.3.

53.     During all relevant times, Defendants failed to post in languages understood by employees (English, Korean, and/or Spanish), in a place accessible to employees and in a conspicuous manner, the notices of employee rights to receive minimum wage and overtime premium as required by the FLSA and NYLL.

54.     Additionally, Defendants failed to display a copy of § 193 of the NYLL regarding the prohibition on illegal deduction from wages.

### *Defendants' Recordkeeping Violations*

55.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages in violation of the FLSA and NYLL.  29 U.S.C. § 211(c); N.Y.L.L. § 661.

56.     Upon information and belief, throughout the duration of their employment, Defendants failed to provide Plaintiff, the FLSA Collective Members, and the Class Members with wage statements documenting all their hours worked or wages received.

57.     Upon information and belief, for most or all of the relevant time period, Defendants have failed to completely and accurately document and record the number of hours worked each day or week by Plaintiff, the FLSA Collective Members, and the Class Members as required by the FLSA and NYLL.

58.     Moreover, for most or all of the relevant time period, Defendants did not maintain and/or falsified books and records of Plaintiff's wages in an effort to circumvent the FLSA and NYLL minimum wage and overtime requirements.

***Defendants' Failure to Provide Plaintiff with Time-Of-Hire Notices and Wage Statements***

59.     Defendants failed to provide Plaintiff at the time of hiring, or at any subsequent time, written notices in the Plaintiff's native languages (English and Korean), setting forth the rate and basis of pay, allowances claimed, pay day, employer name and contact information, and any "doing business as" names used by the employer.

60.     Defendants failed to provide Plaintiff, along with each payment of wages or at any other time, statements listing the dates of work covered by the payment, the employee's name, the employer's name, the address and phone number of the employer, the rate and basis of pay (including overtime pay), the number of regular hours worked, the number of overtime hours worked, gross wages, deductions, allowances claimed, and net wages.

61.     Defendants have failed to inform Plaintiff who received tips that Defendants have intended to take a deduction against Plaintiff's earned wages for tip income, as required by the NYLL before any deduction may be taken.

62.     Defendants have failed to inform Plaintiff that their tips would be credited towards the payment of the minimum wage.

63.     The failures listed in the preceding paragraphs violated NYLL § 195 and Defendants are liable for the violations.

***Defendants' Knowing and Intentional Acts***

64.     Defendants knowingly, willfully, and intentionally committed the acts alleged herein.

65.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

66.     Defendants knew that the nonpayment of minimum wage, overtime pay, and spread-of-hours pay, and the willful and illegal deduction of Plaintiff's wages through a kickback scheme, would financially injure Plaintiff.

67.     Defendants intentionally falsified time and pay records to circumvent the FLSA and NYLL requirements.

## FLSA COLLECTIVE ALLEGATIONS

68.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

69.     Plaintiff brings the First and Third Causes of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendants as non-exempt employees, on or after the date that is three years before the filing of the Complaint in this case, absent tolling of the limitations period, who elect to opt-in to this action (the "FLSA Collective").

70.     All of the work that Plaintiff and members of the FLSA Collective have performed was assigned by Defendants, and/or Defendants were aware of all the work that Plaintiff and members of the FLSA Collective have performed.

71.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective, and Defendants knew that this pattern, practice, and/or policy would financially injure Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

        a.      Failing to keep accurate records of hours worked by employees as required by the FLSA and the NYLL;

b.       Failing to pay employees minimum wage for all hours worked;

c.       Improperly paying the non-exempt employees a flat weekly salary that is below the federal and state minimum wage;

d.       Failing to pay employees the applicable overtime rate for all time worked in excess of 40 hours per week; and

e.       Failing to pay employees spread-of-hours compensation of on hour's pay at the minimum wage for each day in which their workday spanned more than ten hours.

72.    Defendants are aware or should have been aware that federal law required them to pay employees the minimum wage and to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

73.    Upon information and belief, there are numerous affected employees of Defendants whose job duties and compensation have been substantially similar to those of the Plaintiff, who has likewise been underpaid as a result of Defendants' willful failure and refusal to pay the legally required minimum wages and overtime premium.

74.    Members of the FLSA Collective would benefit from the issuance of a court-supervised notice of the instant lawsuit and the opportunity to timely join the instant lawsuit. Members of the FLSA Collective are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Notice should be sent to all members of the FLSA Collective pursuant to 29 U.S.C. § 216(b). *See* Sample of Kang Ho Dong's Weekly Schedules attached as **Exhibit B**.

## NEW YORK LABOR LAW CLASS ALLEGATIONS

75. Pursuant to the NYLL, Plaintiff brings his Second, Fourth, Fifth, Sixth, and Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all workers in non-exempt positions, the Class Members, who are or were employed by Defendants within New York at any time that is six years before the filing of the Complaint in this case, and through the entry of judgment in this case (the "Class Period").

76. The Class Members are so numerous that joinder of all members is impracticable.

77. Although the precise number of Class Members is unknown to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

78. Upon information and belief, there are in excess of forty (40) Class Members.

79. There are questions of law and fact common to the claims of Plaintiff and the claims of the Class, including whether Defendants had a corporate policy of: (a) failure to pay minimum wage for all hours worked; (b) failure to pay overtime premiums when employees worked in excess of forty (40) hours per week; (c) failure to pay an additional hour's wage at minimum wage when employees worked shifts lasting ten or more hours; and (d) the unlawful deduction of Plaintiff's and the Class Members' wages through a kickback scheme.

80. Plaintiff's claims are typical of the Class Members' claims, and Plaintiff will fairly and adequately represent the Class. There are no conflicts between Plaintiff and the Class Members, and Plaintiff's counsel is experienced in handling class litigation.

81. The Second, Fourth, Fifth, Sixth, and Seventh Causes of Action are properly maintainable as a class action under Federal Rules of Civil Procedure Rule 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting the individual members of the class, including but not limited to:

a) whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b) whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

c) what proof of hours worked is sufficient where employers fail in their duty to maintain accurate time records;

d) whether Defendants failed and/or refused to pay Plaintiff and the Class Members minimum wages for all hours worked;

e) whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premium pay for hours worked in excess of forty (40) hours per workweek;

f) whether Defendants illegally deducted Plaintiff's and Class Members' wages through a kickback scheme;

g) whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interests, costs and disbursements, and attorneys' fees; and

h) whether Defendants failed to pay Plaintiff and the Class Members an additional hour of pay for each hour worked in excess of ten (10) hours in one day.

82. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. The individual members of the Class have no interest or capacity to bring separate actions. Plaintiff is unaware of any other litigation

concerning this controversy. It is desirable to concentrate the litigation in one case, and there are no likely difficulties that will arise in managing the class action.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages

83.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

84.     At all times relevant to this action, Plaintiff and FLSA Collective were employed by Defendants, and Defendants were Plaintiff's and the FLSA Collective's employers within the meaning of 29 U.S.C. 203(d).

85.     At all times relevant to this action, Plaintiff and members of the FLSA Collective were engaged in interstate commerce and/or the production of goods for interstate commerce, and/or Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 206(a) and 207(a).

86.     Defendants' failure to compensate Plaintiff and FLSA Collective the applicable minimum hourly wage was in violation of 29 U.S.C. 206(a).

87.     Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendants knew that their nonpayment of Plaintiff and the FLSA Collective at the minimum wage would financially injure Plaintiff and the FLSA Collective.

88.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

89.     Because Defendants' violations of the FLSA have been willful, a three (3) year statute of limitations applies, pursuant to 29 U.S.C. § 25.

90.     Upon information and belief, because Defendants concealed notice from Plaintiff and the FLSA Collective of their rights to receive minimum wages as required by FLSA and implementing regulations, the claims of Plaintiff and the FLSA Collective for unpaid minimum wages, plus liquidated damages, interest, reasonably attorneys' fees and costs, and other relief provided by 29 U.S.C. §216(b) may extend beyond the three year statute of limitations for willful violations.

91.     Due to Defendants' FLSA violations, Plaintiff and members of the FLSA Collective have suffered damages and are entitled to recover from Defendants, jointly and severally, unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, 29 U.S.C. § 216(b), all in an amount to be determined at trial.

92.     Members of the FLSA Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written consents to join this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### New York Labor Law – Minimum Wages

93.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

94.     At all times relevant to this action, Plaintiff and the Class Members were employed by Defendants, and Defendants were Plaintiff's and the Class Members' employers within the meaning of the NYLL. N.Y.L.L. §§ 2, 190, 651.

95.     Defendants failed to pay Plaintiff and the Class Members the applicable minimum hourly wage in violation of New York Minimum Wage Act, N.Y.L.L. § 652.

96. Defendants' failure to pay Plaintiff and members of the FLSA Collective the applicable minimum hourly wage under N.Y.L.L. was willful. Defendants knew that the nonpayment of the minimum wage would financially injure Plaintiff and the Class Members.

97. Due to Defendants' violations of NYLL, Plaintiff and the Class Members are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, and prejudgment interest, all in an amount to be determined at trial. N.Y.L.L. § 663(1); N.Y.C.P.L.R. § 5001.

## THIRD CAUSE OF ACTION

### Fair Labor Standards Act – Overtime Wages

98. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

99. The FLSA requires Defendants to pay employees an overtime rate of one-and-one-half times the employee's regular rate of pay for each hour of work over forty (40) hours in a week. 29 U.S.C. § 207.

100. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

101. Plaintiff and members of the FLSA Collective routinely worked over forty (40) hours in a work week.

102. Defendants failed to pay Plaintiff and members of the FLSA Collective overtime wages at one-and-one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek in violation of 29 U.S.C. § 207.

103.     Defendants' failure to pay Plaintiff and members of the FLSA Collective the applicable overtime compensation under the FLSA was willful.  Defendants knew that their nonpayment of overtime wages would financially injure Plaintiff and members of the FLSA Collective.

104.     As a result of Defendants' unlawful acts, Plaintiff and members of the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## FOURTH CAUSE OF ACTION

### New York Labor Law Article 19 – Unpaid Overtime

105.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

106.     New York State Department of Labor regulations require Defendants to pay employees an overtime rate of one-and-one-half times the employee's regular rate of pay for each hour of work over forty (40) hours in a week.

107.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

108.     Plaintiff and the Class Members routinely worked over forty (40) hours in a work week.

109.     Defendants failed to pay Plaintiff and the Class Members overtime wages at one-and-one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek in violation of the N.Y.L.L and implementing regulations.

110. Defendants' failure to pay Plaintiff and the Class Members the applicable overtime compensation under N.Y.L.L. was willful. Defendants knew that their nonpayment of overtime wages would financially injure Plaintiff and the Class Members.

111. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest. N.Y.L.L. §§ 198, 663(1); N.Y.C.P.L.R. § 5001.

## FIFTH CAUSE OF ACTION

### New York Labor Law – Spread-of-Hours Pay

112. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

113. Plaintiff and the Class Members routinely worked days with a spread of hours greater than ten (10) hours a day.

114. Defendants failed to pay Plaintiff and the Class Members additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours in violation of the N.Y.L.L. and accompanying regulations.

115. Defendants' failure to pay Plaintiff and the Class Members spread-of-hours wages was willful. Defendants knew that nonpayment of spread-of-hours pay would financially injure Plaintiff and the Class Members.

116. By Defendants' failure to pay Plaintiff and the Class Members spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

117.	Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants their spread-of-hour wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. N.Y.L.L. §§ 198, 663(1); N.Y.C.P.L.R. § 5001.

## SIXTH CAUSE OF ACTION

### New York Labor Law – Violations of the Wage Theft Prevention Act

118.	Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

119.	Defendants knowingly, willfully, and intentionally failed to supply Plaintiff and the Class Members notice as required by NYLL Article 5, § 195, containing Plaintiff's and the Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer in accordance with NYLL Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such information as the commissioner deems material and necessary.

120.	Defendants knowingly, willfully, and intentionally failed to supply Plaintiff and the Class Members with an accurate statement of wages as required by NYLL Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked,

including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

121.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants: (1) $50 per day, with a cap of $5,000 per employee, for the wage notice violations and (2) $50 per day, with a cap of $5,000 per employee, for the pay statement violations, as provided for by NYLL Article 6, § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION

**New York Labor Law – Unlawful Deduction of Wages in Defendants' Kickback Scheme**

122.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

123.     Defendants have engaged in an illegal kickback scheme, improperly deducting from Plaintiff's and the Class Members' wages in violation of NYLL §§ 193 and 198-b. Accordingly, Defendants are now required to compensate Plaintiff and the Class Members for all wages wrongfully deducted by Defendants.

124.     Defendants' New York Labor Law violations have caused Plaintiff and the Class Members irreparable harm for which there is no adequate remedy at law.

125.     Due to Defendants' New York Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their deducted wages, damages for unreasonably delayed payment of wages, liquidated/punitive damages, pre and post-judgment interest, reasonable attorneys' fees, and costs and disbursements of the action pursuant to New York Labor Law § 663(1), et al. and § 196-d.

## TOLLING OF THE STATUTE OF LIMITATIONS

126. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

127. Because Defendants, upon information and belief, have concealed from Plaintiff and members of the FLSA Collective notice of their rights to receive minimum wages and overtime compensation as required by FLSA, discussed supra, the claims of Plaintiff and the FLSA Collective for unpaid wages, statutory damages, and other relief, may extend beyond the statute of limitations for violations of the Fair Labor Standards Act and NYLL on the grounds of equitable tolling.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all other employees similarly situated FLSA Collective Members and the Class Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the FLSA Collective Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the FLSA Collective Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c. An order tolling the statute of limitations;

d.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.  An award of unpaid minimum wage and regular wages pursuant to the FLSA and NYLL;

f.  An award of unpaid overtime pay pursuant to the FLSA and NYLL;

g.  An award of unpaid spread of hours payments pursuant to the NYLL;

h.  An award of liquidated damages pursuant to the FLSA and NYLL;

i.  An award of (1) $50 per day with a cap of $5,000 per employee for the wage notice violations and (2) $50 per day with a cap of $5,000 per employee for the pay statement violations, as provided for by NYLL Article 6 § 198(1)-d to Plaintiff and each Class Member;

j.  At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issues such notice, to the members of the FLSA Collective, as defined above.  Such notice shall inform them that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages;

k.  An injunction requiring Defendants to pay all statutorily required wages and an order enjoining Defendants from continuing their unlawful policies and practices as described herein with respect to members of the FLSA Collective;

l.  An award of pre-judgment and post-judgment interests;

m.  An award of attorneys' fees, expert fees, and costs and expenses;

n.  An order providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the

time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

o. Such other relief as the Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the FRCP, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: May 22, 2017  
      New York, New York

**XUE & ASSOCIATES, P.C**.  
*Attorneys for Plaintiff*

By:    */s/ Kevin K. Yam*_____  
      Benjamin B. Xue  
      Kevin K. Yam  
      1001 Avenue of the Americas, 11th Floor  
      New York, NY 10018  
      Tel.: (212) 219-2275  
      benjaminxue@xuelaw.com  
      kevinyam@xuelaw.com