**XUE & ASSOCIATES, P.C.**
305 BROADWAY, 14TH FLOOR
NEW YORK, NY 10007
PHONE: (212) 219-2275
FACSIMILE: (212) 219-2276

BENJAMIN B. XUE                                                                                           KEVIN K. YAM
MEMBER OF NY & NJ BARS                                                                      MEMBER OF NY BAR

December 21, 2017

*Via ECF*
Honorable Steven M. Gold, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers 1217
Brooklyn, New York 11201

      Re:    **Amos Lee v. Kang Ho Dong Baekjeong Inc, et al.**
              **Index No.: 17-cv-3080-PKC-SMG (E.D.N.Y.)**

Dear Judge Gold,

      This firm represents Plaintiff Amos Lee ("Plaintiff") in the above-referenced matter. Plaintiff and Defendants Kang Ho Dong Baekjeong Inc ("Kang Ho Dong") and Jae Yong Son (collectively, "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the fully executed settlement agreement is annexed herein as **Exhibit A**.

      **Settlement Amount**

      Both parties believe that the settlement amount of $35,000.00 is fair and reasonable. This action was originally brought by Plaintiff for alleged unpaid minimum wage, overtime compensation, and spread of hours pay, failure to provide a wage notice at time of hire, and failure to provide paystubs brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

      As a general background, Plaintiff was employed as a server for Kang Ho Dong, a Korean restaurant located at 152-12 Northern Boulevard, Flushing, New York 11354, and its principal, Jae Yong Son, beginning in or around May 2016 until March 3, 2017. During all relevant times, Kang Ho Dong's operating hours were: Mondays through Sundays, from 11:30 a.m. to 5 a.m.

      It is undisputed that Defendants did not use a time tracking device to record the hours that Plaintiff worked. Defendants did not provide wage notices regarding Plaintiff's regular and

1

overtime rate of pay, and did not produce pay stubs that purport to show that Defendants were paid lawful wages with accurate hours reflected on such paystubs.

During Plaintiff's employment at Defendant Kang Ho Dong, Plaintiff worked mostly five to six days a week. The days that Plaintiff worked varied week to week, but he usually worked one of the following four shifts: (1) 3 p.m. to 2 a.m.; (2) 6 p.m. to 5 a.m.; (3) 12 p.m. to 12 a.m.; and (4) 10 a.m. to 10 p.m. During this time period, Plaintiff worked approximately 55 to 65 hours per week. Defendants failed to provide sufficient notice to Plaintiff regarding the tip credit provisions of the FLSA and the NYLL, or their intent to apply a tip credit to his wages, thereby bringing his hourly rate below the minimum wage. As a result, Defendants were not entitled to reduce Plaintiff's minimum wage rate by applying the tip credit allowance that is available under the FLSA and NYLL.

If Plaintiff was to prevail on all of his claims, the total unpaid wages owed to Plaintiff is $25,114.00, and the maximum in total damages, including liquidated damages and pay notice/pay stub statutory violations but excluding prejudgment interest and attorneys' fees, is $60,228.00.

On the contrary, Defendants' Answer denied all of Plaintiff's allegations of unlawful practices and policies. According to Defendants, if Defendants were to prevail on all of their defenses, the amount of unpaid minimum and overtime wages, and spread of hours owed to Plaintiff is approximately $3,438.98. Significantly, if the case were to go to trial, Defendants argue that they would be able to demonstrate via documentary evidence and witness testimonies that Plaintiff worked less hours and less days than he alleges.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (quoting Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors, such as "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012).

The gross settlement amount of $35,000.00 includes: (1) Plaintiff's attorneys' fees and costs for $12,212.00 (which represents 1/3 of the gross settlement amount plus $818.00 constituting costs) and (2) a settlement payment to Plaintiff for $22,788.00. Of the $818.00 spent on costs by Plaintiff, (1) $400.00 was for the filing of the complaint with this Court, (2) $300.00 was for one-half of the mediation fee to the mediator, Mr. Nardo, and (3) $118.00 was

for the service of process fees to PM Legal. The gross settlement amount of $35,000.00 reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay minimum wage, overtime compensation, spread of hours pay, and this amount considers the costs and the uncertainty of protracted litigation. This settlement was reached after: (1) extensive negotiations between the parties' attorneys over the past six months and (2) a mediation that was held on October 5, 2017 with Mr. Ray Nardo, Esq., an experienced employment law litigator with over two decades of experience. Accordingly, the parties agree that the settlement is fair and reasonable.

Xue & Associates, P.C. ("Xue & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contract disputes. Xue & Associates typically calculates its attorney fees based on its hourly rate.

The principal attorney of Xue & Associates, Benjamin B. Xue, has almost 15 years of experience in the field of employment law. The undersigned, who is an associate attorney of Xue & Associates, has almost 2.5 years of experience practicing in the field of employment law. Xue & Associates currently represents plaintiffs and defendants with wage & hour claims in federal and state courts, as well as administrative agencies in more than 30 matters. Given the firm's experience and specialized focus on employment law, Mr. Xue's hourly rate of $350.00 per hour and my hourly rate of $275.00 are reasonable.

Xue & Associates spent 53.1 hours on this matter, and had it been billing hourly, it would have incurred $15,283.00 in fees and costs. Xue & Associates is only receiving $12,212.00 in this settlement agreement. The amount in attorneys' fees provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). Xue & Associates' time logs are attached as **Exhibit B**. Xue & Associates' statement of costs incurred in prosecuting this action are attached as **Exhibit C**.

Accordingly, Plaintiff respectfully submits that the settlement agreement is fair and reasonable, and therefore requests that the Court approve the settlement agreement.

Thank you for Your Honor's kind attention and consideration in this matter.

                 Respectfully submitted,

                 /s/ Kevin K. Yam

                 Kevin K. Yam

Cc.: Diane H. Lee, Esq. (via ECF) (Counsel for Defendants)