# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AMOS LEE, on behalf of himself and others similarly situated,

            Case No.: 17-cv-3080-PKC-SMG

            Plaintiff,

-against-

KANG HO DONG BAEKJEONG INC and JAE YONG SON,

            Defendants.
-------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

    KANG HO DONG BAEKJEONG INC and JAE YONG SON (collectively "Defendants") and AMOS LEE ("Plaintiff"), each a "party" and collectively "parties," desiring to settle all matters between them, hereby agree to this Settlement Agreement and General Release (the "Agreement" or the "Settlement Agreement") as follows:

    **WHEREAS**, the instant United States District Court, Eastern District of New York action, Case No. 17-cv-3080-PKC-SMG (the "Litigation"), was originally filed on May 22, 2017 by Plaintiff against Defendants, alleging violations of minimum wage, overtime compensation, and spread of hours pay, failure to provide wage notice and pay stubs requirements, and liquidated damages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

    **WHEREAS**, an answer was filed by Defendants on June 16, 2017;

    **WHEREAS**, Defendants do not concede liability or any other aspect of Plaintiff's allegations, including but not limited to, Plaintiff's duration of employment, FLSA and NYLL claims of failure to pay minimum wage, overtime compensation, and spread of hours pay, and failure to provide wage notice and pay stubs requirements; and in fact, deny such allegations in their entirety;

    **WHEREAS**, the parties have determined it to be in their mutual interests to settle any and all claims or other matters between them and to dismiss the Litigation with prejudice;

    **NOW, THEREFORE**, for good and valuable consideration, the receipt of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the parties agree as follows:

1. **Consideration**.

1.1 In consideration for Plaintiff signing this Agreement and in full satisfaction of all claims that Plaintiff may have against Defendants, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns and the current and former owners, officers, directors and agents thereof (collectively "Releasees") known or unknown, asserted or unasserted, Defendants agree to pay to Plaintiff, within three days of the Court's approval of this Settlement Agreement as fair and reasonable, the total sum of **Thirty Five Thousand Dollars and No Cents ($35,000.00)** ("the Settlement Sum"). This Settlement Sum is inclusive of all attorneys' fees and costs. The Settlement Sum shall be allocated as follows: $22,788.00 to Plaintiff, and $12,212.00 to Xue & Associates, P.C. with fees in the amount of $11,394.00 and costs in the amount of $818.00. Such payment shall be sent to Plaintiff's counsel, Xue & Associates, P.C., 305 Broadway, 14th Floor, New York, NY 10007.

As stated above, the settlement checks are due within three days after the Court's approval of this Settlement Agreement as fair and reasonable, and shall be written out as follows:

(1) one check made by 1099 and payable to Xue & Associates, P.C. in the amount of Twelve Thousand Two Hundred Twelve Dollars and Zero Cents ($12,212.00), representing Plaintiffs' attorneys' fees and costs,

(2) one check made by 1099 and payable to Amos Lee in the amount of Eleven Thousand Three Hundred Ninety Four Dollars and Zero Cents ($11,394.00), representing payment for alleged liquidated damages,

(3) one check made by W-2 and payable to Amos Lee in the amount of Eleven Thousand Three Hundred Ninety Four Dollars and Zero Cents ($11,394.00), less all applicable tax withholdings and deductions, representing payment for alleged economic damages,

Defendant KANG HO DONG BAEKJEONG INC shall issue to Plaintiff a Form W-2 and/or 1099 for the taxable year of 2017 or 2018, depending when the settlement payment is made.

1.2 Upon the full execution of this Settlement Agreement, Plaintiff or Defendants shall file with the Court the Stipulation of Voluntary Dismissal with Prejudice attached herewith as **Exhibit "A"**.

2. **No Consideration Absent Plaintiff's Material Representations and Promises**. Plaintiff understands and agrees that Plaintiff would not receive the Settlement Sum specified in Paragraph 1.1 above, except for the representations and promises made by Plaintiff in this Agreement.

3. **Mutual Release of Claims**. In consideration of the promises, payments, and actions of Plaintiff and Defendants set out in this Settlement Agreement and other good and valuable consideration, Plaintiff and Defendants, with respect solely and only to conduct that has arisen on, or prior to, the date this Settlement Agreement is executed, fully and forever release,

relieve, waive, relinquish, and discharge each other from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands concerning only wage and hour matters, including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the New York Wage Theft Prevention Act.

4. **Indemnification and Tax Consequences.** Defendants may issue tax form 1099 with Box 3 checked as may be required by law. Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the settlement payment made by tax form 1099 as set forth in Paragraph 1.1 above. Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

5. **Mutual Non-Disparagement.** Plaintiff and Defendants agree not to make any false statements, which defame, disparage, or demean each other in any manner whatsoever, including, without limitation, comments or statements of any kind whatsoever which are harmful to the reputation of each other, including any comments or statements to the press or online on Facebook, MySpace, Twitter, or any other online and/or social networking website. Truthful statements will not be considered a violation of this provision. Should the breaching party breach this non-disparagement provision and the non-breaching party is required to institute legal proceedings to enforce any of the provisions of this Paragraph, the breaching party agrees to pay the non-breaching party's reasonable attorneys' fees and costs in connection with doing so, along with monetary damages in an amount to be determined by a court if such breach is established by the non-breaching party in a court of competent jurisdiction and the non-breaching party is the prevailing party.

6. **Nonadmission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

8. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

9. **Counterparts and Facsimile Signatures.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such. The parties agree that a facsimile or scanned signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by facsimile or Adobe PDF attachments to emails.

10. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by any court, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The United States District Court for the Eastern District of New York shall retain jurisdiction over all proceedings solely to enforce the terms of the settlement between the parties in this action.

11. **Advice of Counsel.** Defendants have advised Plaintiff to consult with an attorney prior to signing this Agreement. Each person executing this Agreement represents that he/she has consulted with an attorney prior to signing this Agreement. Plaintiff represents that he has determined that this Agreement is fair and reasonable under all circumstances and that this determination has been based solely upon their independent judgment after consulting with counsel. In making this determination, Plaintiff has had an adequate opportunity to discuss and assess the merits of all their claims and potential claims. The parties further represent that their respective counsel and agents have translated this Agreement from English to their native language.

12. **Effective Date.** The effective date of this Agreement shall be the date upon which the last of the signatures below shall have been executed.

13. **Further Assurances.** The parties hereto agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

THE PARTIES AGREE THAT THEY HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. PLAINTIFF AGREES THAT HE HAS CONSULTED WITH HIS RESPECTIVE ATTORNEYS OF RECORD PRIOR TO THE SIGNING OF THIS AGREEMENT.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS ATTORNEY, XUE & ASSOCIATES, P.C., ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFF HAD, HAVE OR MIGHT HAVE AGAINST DEFENDANTS.

_____   Dated: 12/13/17
AMOS LEE

_____   Dated: 12/20/17
KANG HO DONG BAEKJEONG INC
by _Jae Yong Son_, an Authorized Shareholder and/or Officer

_____   Dated: 12/20/17
JAE YONG SON

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
AMOS LEE, on behalf of himself and others similarly situated,

       Plaintiff,

-against-

KANG HO DONG BAEKJEONG INC and JAE YONG SON,

       Defendants.
-------------------------------------------------------------X

Case No.: 17-cv-3080-PKC-SMG

**STIPULATION OF DISMISSAL**

  **WHEREAS**, Plaintiff contends that Defendants did not compensate him properly under federal (FLSA) and state (NYLL) wage and hour laws;

  **WHEREAS**, Defendants deny all allegations of wrongdoing made by Plaintiff;

  **WHEREAS**, the parties have resolved this matter in its entirety;

  **WHEREAS**, this Court approves of the parties' resolution of this case without further litigation;

  **WHEREAS**, the United States District Court for the Eastern District of New York shall retain jurisdiction over all proceedings solely to enforce the terms of the settlement between the parties in this action;

  **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties in the above captioned action, through the undersigned counsel, that Plaintiff's Complaint and any and all claims that were or could have been asserted in this action are hereby discontinued and dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure, and with each party to bear its own costs, expenses, disbursements and attorneys' fees.

Date: December __21__, 2017       Date: December __19__, 2017

XUE & ASSOCIATES, P.C.
*Attorneys for Plaintiff Amos Lee*

_____
Benjamin B. Xue, Esq.
Kevin K. Yam, Esq.
305 Broadway, 14th Floor
New York, NY 10007
Tel.: 212-219-2275

THE LAW OFFICES OF DIANE H. LEE, P.C.
*Attorneys for Defendants Kang Ho Dong Baekjeong Inc and Jae Yong Son*

_____
Diane H. Lee, Esq.
158 Linwood Plaza Ste. 308-310
Fort Lee, NJ 07024
Tel.: 201-363-0101

**SO ORDERED:**

_____

Date: _____